IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

UNITED FIRE & CASUALTY COMPANY  )
  )
v.  )  **Civil Action No. 7:17-cv-00023**
  )
KENT DISTRIBUTORS,  )
INCORPORATED  )

---

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

---

COMES NOW the Plaintiff, United Fire & Casualty Company ("United Fire"), and files this Original Complaint for Declaratory Judgment and would respectfully show the Court the following:

## I.
## PARTIES

1.      Plaintiff, United Fire, is an insurance company incorporated and organized under the laws of the State of Iowa, with its principal place of business in the State of Iowa. United Fire is not incorporated or organized in, and does not have its principal place of business in the State of Texas.

2.      Defendant, Kent Distributors, Incorporated ("Kent Distributors") is a Texas corporation with its principal place of business in Midland County, Texas. Defendant is a citizen of the State of Texas. Kent Distributors may be served by and through its registered agent for service, William B. Kent, 2408 North Big Spring Street, Midland, Texas 79705.

## II.
## JURISDICTION

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and 00/100 dollars ($75,000). The Plaintiff and Defendants are citizens

of different states, as United Fire is a citizen of the State of Iowa and Kent Distributors is a citizen of the State of Texas. Jurisdiction is predicated upon diversity of citizenship and the amount in controversy pursuant to §28 U.S.C. 1332.

## III.
## VENUE

4.        Venue is proper in the United States District Court for the Western District of Texas because Midland is located in the Western District of Texas.

## IV.
## FACTS

5.        This suit is a claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and 2202.

6.        Defendant, Kent Distributors, has been sued in the lawsuit styled *Shlana Mithell v. Kent Distributors, Incorporated d/b/a Kent Kwik*, Cause No. CV52564 in the 238th Judicial District Court of Midland County, Texas. Kent Distributors has tendered the defense of that suit to United Fire and requested that United Fire defend and indemnify Kent Distributors in the suit by Shlana Mitchell.[1]

7.        United Fire issued a commercial general liability policy, Policy No. CGL-60405920, to Kent Distributors Inc. (the "CGL Policy"). Kent Distributors Inc. DBA Kent Kwik Convenience Stores is a named insured under the CGL Policy. The CGL Policy had a policy period effective August 1, 2014 to August 1, 2015.

8.        United Fire issued a commercial liability umbrella policy, Policy No. CU-60405920, to Kent Distributors Inc. (the "Umbrella Policy"). Kent Distributors Inc. DBA Kent

---

[1] Although the lawsuit is styled *Shlana Mithell*, references within the Original Petition refer to Shlana Mitchell as the Plaintiff. As such, it is likely the lawsuit is incorrectly styled and that Mitchell is the correct spelling of the underlying Plaintiff's name.

Kwik Convenience Stores is a named insured under the Umbrella Policy. The Umbrella Policy had a policy period effective August 1, 2014 to August 1, 2015.

9.      Shlana Mitchell filed suit against Kent Distributors Incorporated d/b/a Kent Kwik. A copy of the petition filed in that suit is attached as **Exhibit A** to this Complaint. According to Plaintiff's Original Petition, "Plaintiff was employed by [Kent Distributors] as a store clerk...."[2]  Mitchell alleges "[w]hile alone locking the store at closing time, [she] was "attacked and sexually assaulted by a co-employee who was employed [at] a different location. Defendant had knowledge of the dangerous nature of the attacker well before the incident occurred."[3] More specifically, Plaintiff alleges she "sustained personal injuries including ... a. Physical pain and suffering; b. Mental anguish; c. Physical impairment; d. Loss of earning capacity; e. Reasonable expenses of necessary medical care."[4]

10.     Plaintiff also alleges Kent Distributors was "negligent in hiring, training, supervising, and retaining incompetent or dangerous employees."[5]  Plaintiff alleges Kent Distributors knew the "co-employee" was "dangerous"; that Kent Distributors continued to employ a dangerous person and failed to warn Plaintiff of the dangerous co-employee; that Kent Distributors failed to remedy the dangerous condition; that Kent Distributors failed to warn of a "known danger"; that Kent Distributors failed to provide adequate supervision; that Kent Distributors failed to provide adequate supervisors; and that Kent Distributors failed to warn Plaintiff "that a dangerous condition existed with a co-employee."[6]

---

[2]      *See* Plaintiff's Original Petition at p.2.

[3]      *Id.* at p.3.

[4]      *Id.* at p.6.

[5]      *Id.* at p. 5.

[6]      *Id.* at pp. 3-6.

11.     In summary, Plaintiff alleges that the foregoing acts and omissions give rise to causes of action sounding in tort, including negligence, gross negligence, and negligence per se.[7]

## V.
## RELIEF BEING SOUGHT

12.     United Fire seeks a declaration that it does not have a duty to defend Kent Distributors in the *Shlana Mithell v. Kent Distributors, Incorporated d/b/a Kent Kwik* suit filed in the 238th Judicial District of Midland County, Texas, for the reasons more fully set forth below.

13.     United Fire also seeks a declaration that it does not have a duty to indemnify Kent Distributors for any damages assessed against Kent Distributors in favor of Shlana Mitchell in the *Shlana Mithell v. Kent Distributors, Incorporated d/b/a Kent Kwik* suit filed in the 238th Judicial District of Midland County, Texas, for the reasons more fully set forth below.

## VI.
## BASIS FOR DECLARATORY JUDGMENT

14.     A declaratory judgment is necessary because it will enable United Fire and Kent Distributors to clarify and resolve disputes concerning the legal obligations, if any, owed by United Fire to Kent Distributors under the policies identified above with respect to the *Shlana Mithell* lawsuit and will afford relief from the uncertainty as to whether Kent Distributors should be able to rely upon United Fire to provide defense and indemnity against the claims asserted against Kent Distributors by Shlana Mitchell in that matter.

## VII.
## POLICY PROVISIONS POTENTIALLY AFFECTING
## DUTY TO DEFEND AND INDEMNIFY

15.     The following policy provisions potentially affect the duty of United Fire to defend and indemnify Kent Distributors in the suit by Shlana Mitchell:

---

[7]     *Id.* at pp.8-12.

## A.    Insuring Agreements

16.    Form CG00011207, found in the CGL Policy, provides in pertinent part as

follows regarding coverage:

### SECTION I – COVERAGES
### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

#### 1.    Insuring Agreement

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.   However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   (1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b.    This insurance applies to "bodily injury" and "property damage" only if:

   (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)    The "bodily injury" or "property damage" occurs during the policy period; and

---

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT                                                    5

\* \* \*

## SECTION V. DEFINITIONS

\* \* \*

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

10.     "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

19.     "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20.     "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary, or other compensation by you or anyone else for their work performed for you.

\* \* \*

17.     Form CU00011207, found in the Umbrella Policy, provides in pertinent part as

follows regarding coverage:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

      **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.  When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" and settle any resultant claim or "suit", for which we have the duty to defend.  But:

          **(1)**    The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and

          **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B**.

          No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

      **b.**     This insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

## SECTION V. DEFINITIONS

* * *

3. "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

* * *

6. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

19. "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

* * *

22. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on

leave or to meet seasonal or short-term workload conditions.

23.   "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24.   "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

25.   "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of "underlying insurance".

26.   "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary, or other compensation by you or anyone else for their work performed for you.

\* \* \*

## B.   Exclusions

18.   The insuring agreement in Section I - Coverages is modified by various exclusions.  In the case of Form CG00011207 and Form CU00011207, found in policies CGL-60405920 and CU-60405920, these exclusions are as follows:

### 2.   Exclusions

This insurance does not apply to:

#### a.   Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from

the use of reasonable force to protect persons or property.

* * *

e.      **Employer's Liability**[8]

"Bodily injury" to:
(1) An "employee" of the insured arising out of and in
    the course of:
        (a) Employment by the insured; or
        (b) Performing duties related to the conduct of
            the insured's business; or

* * *

**C.      Abuse or Molestation Endorsements**

19.      In addition, each of the policies contains an endorsement, the "Abuse or Molestation Exclusion," which, by its terms, modifies the Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability.  Form CG 26460499 and Form CU 26150503, contained in policies CGL-60405920 and CU-60405920, provide in pertinent part as follows:

**TEXAS ABUSE OR MOLESTATION EXCLUSION**

* * *

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability Coverage** and Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

    1.      The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

    2.      The negligent:
            a. Employment;
            b. Investigation;

---

[8] This Exclusion is Exclusion 2. g. in the Umbrella Policy.

     **c.** Supervision;

     **d.** Reporting to the proper authorities, or failure to so report; or

     **e.** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1**. above.

For the purposes of this endorsement, abuse means an act which is committed with the intent to cause harm.

## D.   Punitive or Exemplary Damages Endorsements

20.       In addition, each of the policies contains an amendatory endorsement regarding punitive damages. The "Punitive or Exemplary Damages Exclusion," Form IL 7009049, by its terms modifies the CGL Policy and Umbrella Policy. The Punitive or Exemplary Damages Exclusion, contained in policies CGL-60405920 and CU-60405920, provides as follows:

> Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.

21.       Based on the above provisions in the relevant insurance policies, there would be no duty to defend or indemnify because:

    a.   there was no "occurrence" under the policy;

    b.   the conduct of Plaintiff's co-employee is excluded from coverage by the Expected or Intended Injury Exclusions cited above;

    c.   the claims against Kent Distributors are excluded from coverage by the Employer's Liability Exclusions cited above; and

    d.   the claims against Kent Distributors are excluded from coverage by the Abuse or Molestation Exclusions cited above.

22.       United Fire would further show that coverage is not afforded to Kent Distributors for any punitive or exemplary damages assessed against Kent Distributors in favor of Shlana Mitchell in the underlying suit because the claims for punitive and/or exemplary

damages against Kent Distributors are excluded from coverage by the Punitive or Exemplary Damages Exclusions cited above.

WHEREFORE, United Fire & Casualty Company prays that Kent Distributors Incorporated be cited to appear and answer herein, and that upon the trial of this matter the Court enter judgment that United Fire & Casualty Company has no duty to defend or indemnify Kent Distributors Incorporated in the lawsuit styled *Shlana Mithell v. Kent Distributors, Incorporated d/b/a Kent Kwik*, Cause No. CV52564 in the 238th Judicial District Court of Midland County, Texas; that United Fire & Casualty Company be awarded all costs and fees incurred in bringing this matter; and such other and further relief as United Fire & Casualty Company may show itself to be justly entitled.

Respectfully submitted,


By: /s/ Christopher Martin
      Christopher W. Martin
      State Bar No. 13057620
      Federal I.D. No. 13515


MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20TH Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF,
UNITED FIRE & CASUALTY COMPANY**


Of Counsel:

Kennetha W. Lucas
Texas Bar No. 24009824
Federal I.D. No. 32330
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
Email:  lucas@mdjwlaw.com


Sheryl Kao
Texas Bar No. 24036874
Federal I.D. No. 4561738
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone:  (214) 420-5500
Facsimile:  (214) 420-5501
Email:  kao@mdjwlaw.com

**ATTORNEYS FOR PLAINTIFF,
UNITED FIRE & CASUALTY COMPANY**