# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50134

D.C. Docket No. 7:17-CV-23

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2019

Lyle W. Cayce
Clerk

UNITED FIRE AND CASUALTY COMPANY,

   Plaintiff - Appellee

v.

KENT DISTRIBUTORS, INCORPORATED,

   Defendant - Appellant

   Appeal from the United States District Court for the
   Western District of Texas

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

## J U D G M E N T

   This cause was considered on the record on appeal and the briefs on file.

   It is ordered and adjudged that the judgment of the District Court is affirmed.

   IT IS FURTHER ORDERED that defendant-appellant pay to plaintiff-appellee the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on Feb 04, 2019

Attest:
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
January 11, 2019
Lyle W. Cayce
Clerk

No. 18-50134

UNITED FIRE AND CASUALTY COMPANY,

    Plaintiff - Appellee

v.

KENT DISTRIBUTORS, INCORPORATED,

    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CV-23

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

    United Fire and Casualty Company ("United"), an insurer, sought a declaratory judgment that it had no duty to defend or indemnify Kent Distributors, Inc. ("Kent"), the insured, in a separate lawsuit involving one of Kent's employees. Kent counterclaimed for declaratory relief and breach of policy, arguing that its policies cover the underlying litigation. The district court granted summary judgment to United, declared that United had no duty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to defend or indemnify Kent, and dismissed Kent's counterclaims with prejudice. Kent now appeals. We AFFIRM.

I.

Kent purchased two liability policies from United—a commercial general liability (CGL) policy and a commercial liability umbrella policy. Kent requested that United defend and indemnify it under those policies in a lawsuit brought by one of Kent's employees. In the underlying suit, Shlana Mitchell ("Mitchell"), a store clerk, sued Kent, claiming that another Kent employee from a different store attacked and sexually assaulted her while she locked the store at closing time. Mitchell alleged that Kent negligently hired, retained, trained, and supervised its employees; failed to identify the threat posed by the employee; failed to warn her of the threat; failed to correct the dangerous condition; and that Mitchell sustained physical and mental injuries as a result.

United initially agreed to defend Kent but later denied coverage and withdrew from the defense, asserting that Mitchell's claims against Kent were excluded from coverage under both insurance policies. United then sought a declaratory judgment that it had no duty to defend or indemnify Kent. Kent filed a counterclaim for breach of contract and sought a declaratory judgment that United did, in fact, have a duty to defend and indemnify. United then moved for summary judgment.

Because federal jurisdiction is based on diversity of citizenship, Texas law governs the interpretation of the policies. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 700 (5th Cir. 1996). Applying Texas law, the district court determined that United had no duty to defend or indemnify Kent in Mitchell's lawsuit under three policy exclusions: (1) the Employer's Liability Exclusion, which excludes coverage for an employee's "bodily injury" suffered during employment or while "[p]erforming duties related to the

No. 18-50134

conduct of" the business; (2) the Texas Abuse or Molestation Exclusion, which excludes coverage for molestation or actual or threatened abuse of anyone in Kent's "care, custody, or control," or arising out of Kent's negligence in the employment, investigation, supervision, or retention of the alleged assailant; and (3) the Punitive or Exemplary Damages Exclusion, which states that the policy "does not apply to punitive or exemplary damages." Applying Texas's "eight corners rule"—which entails comparing the "four corners" of the insurance policy with the "four corners" of the pleadings—the court determined that there was no genuine dispute as to whether Mitchell's First Amended Petition contained factual allegations that trigger all three exclusions. Accordingly, the court granted summary judgment to United and dismissed Kent's counterclaim.

On appeal, Kent argues that the district court erred in granting summary judgment because United failed to establish the applicability of the policy exclusions to the claims in Mitchell's lawsuit. Specifically, Kent asserts that it is not clear that Mitchell was under the care, custody, or control of Kent and, thus, it is also unclear whether Mitchell's bodily injury occurred before or after she ceased her work duties. Kent also argues that the district court erred when it struck an affidavit purporting to establish whether Mitchell's alleged attack was an excluded event under the policies. Finally, Kent argues that the district court erred in finding United had no duty to indemnify under the policies. We address each argument in turn.

II.

We review a grant of summary judgment *de novo*. *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018). Summary judgment is appropriate where, viewing evidence in the light most favorable to the non-moving party, the pleadings and record show no genuine dispute as to any

3

material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). If the moving party initially shows the non-movant's case lacks support, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002). We review whether an insurer has a duty to defend its insured in an underlying suit as a *de novo* question of law. *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006).

## A.

The "eight corners" rule under Texas law determines an insurer's duty to defend an insured. Under this rule, the court considers only the four corners of an insurance policy and the four corners of the plaintiff's pleadings, without regard to the truth of the allegations. *Liberty Mut. Ins. Co.*, 473 F.3d at 599–600 (5th Cir. 2006). "If the four corners of a petition allege facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, the insurer has a duty to defend. If all the facts alleged in the underlying petition fall outside the scope of coverage, then there is no duty to defend, but we resolve all doubts regarding duty to defend in favor of the duty." *Id.* at 600.

Kent disputes that the allegations in Mitchell's First Amended Petition unambiguously trigger the Employer's Liability Exclusion or the Texas Abuse or Molestation Exclusion.[1] We disagree.

We start by analyzing the policy exclusions. The Employer's Liability Exclusion contained in both the CGL and umbrella policies states that coverage does not apply to:

---

[1] Kent does not raise on appeal, and therefore waives, any argument regarding the district court's ruling on the Punitive or Exemplary Damages exclusion.

No. 18-50134

> "Bodily injury" to:
> (1) An "employee" of the insured arising out of
>     and in the course of:
>     (a) Employment by the insured; or
>     (b) Performing duties related to the conduct
>         of the insured's business[.]

Both policies define bodily injury in a similar way. The CGL policy states that "'[b]odily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The umbrella policy states that "'[b]odily injury' means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or other mental injury resulting from 'bodily injury.'"

Mitchell's First Amended Petition alleges she "was employed by Defendant as a store clerk working at Kent Kwik #309" and "[w]hile alone locking the store at closing time, [she] was attacked and sexually assaulted by a co-employee of Defendant who was employed at a different location." It further alleges that as a result, she suffered "[p]hysical pain and suffering," "[m]ental anguish," and "[p]hysical impairment," among other things. These allegations fall squarely within the Employer's Liability Exclusion. Therefore, we agree with the district court that there is no genuine dispute of material fact as to whether that exclusion applies.

Next, both policies contain the Texas Abuse or Molestation Exclusion, which states:

> This insurance does not apply to "bodily injury" . . . arising out of:
> 1. The actual or threatened abuse or molestation
>    by anyone of any person while in the care,
>    custody or control of any insured, or
> 2. The negligent:
>    a. Employment;

5

    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or
       failure to so report; or
    e. Retention;
      of a person for whom any insured is or ever was
      legally responsible and whose conduct would be
      excluded by Paragraph 1 above.
    For the purposes of this endorsement, abuse means
    an act which is committed with the intent to cause
    harm.

Kent contends that Mitchell does not allege she was acting under Kent's control when she was attacked. But Mitchell's amended petition alleges that she "was employed by Defendant as a store clerk working at Kent Kwik #309" and that she was attacked "[w]hile alone locking the store at closing time[.]" Because the policies do not define the term "control," the district court interpreted control according to its commonly understood meaning as "the power or authority to manage, direct, govern, administer, or oversee." *See Am. Fidelity & Cas. Co. v. Traders & Gen. Ins. Co.*, 334 S.W.2d 772, 775 (Tex. 1959); *H.C. Price Co. v. Compass Ins. Co.*, 483 F. Supp. 171, 175 (N.D. Tex. 1980). We agree with the district court that Mitchell unambiguously alleges she was in Kent's care, custody, or control by stating she was employed by Kent and was locking the store at closing time when she was attacked.

Kent next argues that Mitchell does not allege abuse, molestation, or intent. The district court correctly found otherwise. Because the policy does not define "molest," the district court—again, supplying a commonly understood meaning—defined molest as "to annoy, disturb or persecute especially with hostile intent or injurious effect" or "to make annoying sexual advances . . . to force physical and usually sexual contact." Mitchell's amended petition alleges that she "was attacked and sexually assaulted by a co-employee" and suffered

bodily and mental injuries as a result. We agree with the district court that there is no genuine dispute of material fact that those allegations fall within the abuse or molestation exclusion.

Kent also argues that the district court erred when it struck an affidavit Kent filed that provided a separate account of Mitchell's incident, one that allegedly raises doubts about applicability of the exclusions. Kent claims that the court should have considered the affidavit as extrinsic evidence under an exception to the "eight corners rule." While some Texas courts have applied a narrow exception to the rule "where 'it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issues of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case[,]'" no such exception applies here. *Liberty Mut. Ins. Co.*, 473 F.3d at 603, n. 26 (5th Cir. 2006). Mitchell's First Amended Petition alleges facts entirely sufficient to determine whether coverage is excluded.

In sum, we conclude that Mitchell's First Amended Petition alleges facts that unambiguously exclude coverage under Kent's insurance policies.[2] Therefore, the district court correctly determined that United has no duty to defend Kent in Mitchell's lawsuit.

---

[2] Kent also argues that there were various new allegations in Mitchell's First Amended Petition that are not excluded by the policies—including general and specific acts of negligence, negligence related to work conditions, and premises liability. But the district court held, and we agree, that these allegations do not prevent application of the relevant exclusions. Both exclusions rule out coverage for all bodily injury, regardless of the acts or omissions that caused the injury. Additionally, "in reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories advanced." *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 457 (5th Cir. 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)).

No. 18-50134

B.

Finally, Kent argues that the district court erred in granting summary judgment on the question of whether United had a duty to indemnify. "Generally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997)). That is the case here. Because "the duty to defend is broader than the duty to indemnify[,] . . . "[l]ogic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citation omitted). Accordingly, the district court correctly determined that United has no duty to indemnify Kent.

AFFIRMED.

8

# BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

UNITED FIRE AND CASUALTY CO., PLAINTIFF-APPELLEE  v.  KENT DISTRIBUTORS INC, DEFENDANT-APPELLANT   No. 18-50134

The Clerk is requested to tax the following costs against: APPELLANT

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED ||||  ALLOWED (If different from amount requested) ||||
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 54 | 0.15 | 56.7 | 7 | 54 | .15 | 56.70 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | | Total $ | 56.7 | | | Costs are taxed in the amount of $ | 56.70 |

Costs are hereby taxed in the amount of $ 56.70 this 4th day of February, 2019.

State of TEXAS
County of HARRIS

LYLE W. CAYCE, CLERK
By _____
Deputy Clerk

I LEVON G. HOVNATANIAN, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 14TH day of JANUARY, 2019.

/s/ Levon G. Hovnatanian
(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for APPELLEE

**FIFTH CIRCUIT RULE 39**

**39.1 Taxable Rates.** The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any for of reproduction costs. The cost of the binding required by 5ᵀᴴ Cɪʀ. R. 32.2.3that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk shall, at reasonable intervals, examine and review it to reflect current rates. Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.

**39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.** Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.

**39.3 Time for Filing Bills of Costs.** The clerk must receive bills of costs and any objections within the times set forth in Fᴇᴅ. R. Aᴘᴘ. P. 39(ᴅ). See 5ᵀᴴ Cɪʀ. R. 26.1.

Fᴇᴅ. R. Aᴘᴘ. P. 39.     COSTS

**(a)** *Against Whom Assessed.* The following rules apply unless the law provides or the court orders otherwise;

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

**(b)** *Costs For and Against the United States.* Costs for or against the United States, its agency or officer will be assessed under Rule 39(a) only if authorized by law.

**©)** *Costs of Copies* Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

**(d)** *Bill of costs: Objections; Insertion in Mandate.*

(1) A party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

**(e)** *Costs of Appeal Taxable in the District Court.* The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 04, 2019

Ms. Jeannette Clack
Western District of Texas, Midland
United States District Court
200 E. Wall Street
Room 222
Midland, TX 79701-0000

    No. 18-50134    United Fire and Casualty Co. v. Kent Distributors, Inc.
                              USDC No. 7:17-CV-23

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Debbie T. Graham, Deputy Clerk

cc:
    Mr. John I. Goodwin III
    Mr. Levon G. Hovnatanian
    Mrs. Sheryl Ann Kao
    Mr. Christopher Weldon Martin
    Mr. Robert Keith Whitt